The Honorable Don McSpadden Prosecuting Attorney P. O. Box 2051 Batesville, Arkansas 72503
Dear Mr. McSpadden:
This is in response to your request for an opinion on the following question:
 Is there a conflict where the son and daughter-in-law of the County Coroner are desirous of operating an ambulance service in the same County in which the father or father-in-law is the Coroner?
It is my opinion that a conflict would not arise in this instance simply by virtue of the son and daughter-in-law's operation of the ambulance service. However, the provisions of Ark. Stat. Ann. 17-4208 (Repl. 1980) must be considered. 17-4208(1) provides as follows:
 (1) Public Trust. The holding of public officer [office] or employment is a public trust created by the confidence which the electorate reposes in the integrity of officers and employees of county government. An officer or employee shall carry out all duties assigned by law for the benefit of the people of the county. The officer or employee may not use their office, the influence created by their official position, or information gained by virtue of their position, to advance their individual, or an immediate member of their family, or an associate's personal economic interest, other than advancing strictly incidental benefits as may accrue to any of them from the enactment or administration of law affecting the public generally.
The prohibitions contained in 17-4208(3) should also be noted. This section states in pertinent part:
 (3) Rules of Conduct. No officer or employee of county government shall:
 (a) be interested, either directly or indirectly, in any contract or transaction made, authorized, or entered into on behalf of the county or an entity created by the county, or (to) accept or receive any property, money, or other valuable thing, for their use or benefit on account of, connected with or growing out of any contract or transaction of the county. . .;
 (c) acquire an interest in any business or undertaking which he has reason to believe may be directly affected to its economic benefit by official action to be taken by county government;
 (d) perform an official act directly affecting a business or other undertaking to its economic detriment when he has a substantial financial interest in a competing firm or undertaking.
While we cannot state, as a general matter, that a conflict will arise in this instance based solely upon the facts presented, the foregoing statutory provisions mandate a review of all of the particular facts involved. A conflict would arise if these facts reflect a violation of any of the prohibitions contained in Ark. Stat. Ann. 17-4208.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.